IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUKE D. JOHNSON, #156-740         *
               Plaintiff
                                                 *

       v.                                           CIVIL ACTION NO. DKC-09-130
                                                 *

FRANK B. BISHOP, JR., et al.
               Defendants            *
                                        *******

## MEMORANDUM OPINION

On January 21, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, solely seeking injunctive relief. Counsel for Defendants has filed a dispositive motion (Paper No. 13), which shall be treated as a Motion for Summary Judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2008).

### 1. Factual Background

On December 1, 2008, Plaintiff was found guilty of a rule infraction and sanctioned with 120 days on segregation, without cell restriction. On January 6, 2009, he received a letter from Warden Shearin advising him that the Reduction in Violence Committee ("RIV") met and imposed an additional sanction of sixty days "Lock-in" cell restriction to be served after Plaintiff completed his segregation time. Paper No. 1. Plaintiff asked that the sixty day cell restriction be stricken. *Id*.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on June 30, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 14. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

## 2. Standard of review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### 3. Analysis

On May 22, 2009, Plaintiff was transferred from WCI. His term of cell restriction has expired. Paper No. 12, Ex. 7. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that plaintiff is no longer housed at WCI, on cell restriction, or subject to the WCI Reduction in Violence Committee, his request for injunctive relief has been rendered moot. Consequently, Plaintiff's request for injunctive relief shall be denied.[2]

---

[2]Even if Plaintiff were seeking compensatory damages, he would be entitled to no relief. Generally, prisoners do not have a constitutional right to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id.* Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because upon comparison with those conditions they would expect to experience as an ordinary incident of prison life, it does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). The analysis requires the court to conduct a fact specific examination of the case to determine if the conditions plaintiff maintains give rise to a liberty interest.

Defendants aver that cell restriction is not an "atypical and significant hardship" as cell restriction is far less restrictive than segregation. Inmates assigned to cell restriction remain in general population and are permitted to go to the dining hall with other inmates for meals. Inmates placed on cell restriction are permitted to keep all of their property and to continue job and educational programs outside their cell. The primary sanction for an inmate on cell restriction is that the inmate is permitted only one hour of recreation per day as opposed to six or seven hours of recreation permitted general population inmates. Paper No. 13, Ex. 6.

In *Beverati*, the Fourth Circuit, in affirming the decision of this court, held that Beverati's placement in administrative segregation did not comparatively constitute the type of hardship necessary to give rise to a liberty interest

## 4. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum Opinion.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

in avoiding such placement. *See Beverati*, 120 F.3d at 503.
 The court here finds that there is nothing in the record or pleadings which shows that the nature of Plaintiff's assignment to cell restriction comprised the atypical hardship contemplated by *Sandin* or *Beverati* and thus does not implicate a liberty interest.